# THOMAS MCNEAR *vs*. DANIEL M. ATWOOD.

Where the plaintiff had agreed with his debtor to take a note payable in three months to himself or to T. and afterwards gave an order on the debtor to "let A. (the defendant) have the note as we agreed for the balance due me;" this does not as between them furnish presumptive evidence of an assignment of the demand to the defendant for value.

If the defendant, on being sent by the plaintiff to take a note from his debtor in discharge of an existing demand, wrongfully takes the note payable to himself and disposes thereof for his own use, the plaintiff may waive the wrongful act and claim to have the note delivered to him, and may maintain trover against the defendant for its conversion.

EXCEPTIONS from the Court of Common Pleas, REDINGTON J. presiding.

Trover for a note of hand. The plaintiff offered evidence to prove that about *January* 1, 1837, the *St. Croix Manufacturing Company*, doing business at *Calais*, owed him $43,25, for which the agent, *Noah Smith, Jr.* had agreed to give him a note payable in three months, or would make it payable to *Spencer Tinkham*, if plaintiff desired it. On the next day the plaintiff gave to the defendant an order of the following tenor. "*Mr. Noah Smith, Jr.*, Sir, let *Mr. Atwood* have the note as we agreed for the balance due me, and oblige yours, &c. *Thomas McNear. Calais, Jan.* 2, 1837."

The defendant presented this order to *Smith*, who inquired to whom he would have the note made payable, and the defendant replied, to himself. The note, the same described in the declaration, was so made, and delivered to the defendant. *Tinkham* testified, that the plaintiff had bargained with him for a barrel of pork and a barrel of flour for which the plaintiff was to give him the note of *Noah Smith, Jr.* payable in three months ; that on the next day, or soon afterwards, the defendant came into his store and asked if the plaintiff had not had some conversation with him respecting a barrel of pork and flour, and the witness said, that *McNear* had made arrangements for a barrel of pork and one of flour ; that the defendant took out the note, and showed it to the witness ; and that he did not take the pork and flour, but put the note into his pocket. It was proved, that the defendant soon after sold the note, and received the amount for his own use.

The plaintiff's counsel contended, that the defendant received the note as his agent or servant, and that it was the plaintiff's property, the order not being for value received on its face ; and there being no evidence of any consideration paid by the defendant ; and that the subsequent conversion of it to his own use, made the defendant liable in this action.

The defendant's counsel contended, that the demand of *Mc-Near* against the company was transferred to the defendant, and that the note was the defendant's own property.  But if it was not, that this action could not be maintained, as the taking of the note payable to himself was a conversion by the defendant of the order and not of the note, and that if the plaintiff could maintain any action, it would be for the conversion of the order.

The Judge instructed the jury, that the drawing of the order for the amount due to *McNear* from *Smith* was *prima facie* or presumptive evidence of an assignment of the demand to *Atwood,* whereby it became his property, and gave him a right to take the note and do what he pleased with it, and that they must find for the defendant, unless the plaintiff had repelled this presumption by evidence that notwithstanding the order, the property in the note was his ; that the burthen of proof was on the plaintiff to satisfy the jury of this, the presumption of law from the drawing of the order being against him ; and left it to the jury to decide whether the evidence did or did not repel that presumption.

The verdict being against him, the plaintiff filed exceptions.

*J. Granger,* for the plaintiff, argued in support of the principles contended for by him in the court below, and cited 8 *Conn. R.* 7 ; 3 *Caines,* 87.

*N. Abbott,* for the defendant, contended for the correctness of the instructions of the Judge, and cited *Robbins* v. *Bacon,* 3 *Greenl.* 346 ; *Adams* v. *Robinson,* 1 *Pick.* 460.

The opinion of the Court was drawn up by

Shepley J. — In cases arising under the trustee process, if the legislature had not provided, when the supposed trustee should disclose an assignment of his debt, that the assignee should be summoned in and be allowed to make proof, that the assignment was made *bona fide,* and for a valuable consideration, there would be

no mode of ascertaining the validity of the assignment. For the purpose of affording such assignee the benefit of the provisions of the statute, the Court must consider the assignment itself in whatever form presented as *prima facie* evidence, that the debt has been assigned. And the cases cited by the counsel for the defendant arose under this statute provision.

The order in this case is not expressed to be for value received, and if it were so expressed, not partaking of the character of a bill of exchange or negotiable promissory note, it would not dispense with the proof of value, or consideration. *Mandeville v. Welch,* 5 *Wheat.* 282. It is true, that an order to pay to another, or to do some other act, may be an equitable assignment of the fund, or give an equitable right to exact performance; and in many cases it is not the duty, or important to the person upon whom it is drawn to inquire, whether the holder has paid any value for it, as he will in any event be protected in making payment as requested.

But if the assignor, before payment or performance, should countermand the order, it would be necessary for the holder to prove a valuable consideration to entitle him to the assistance of the Court for his protection. *Prescott v. Hull,* 17 *Johns. R.* 284. And in cases arising under the trustee process, the duty of the assignee is the same when he has become a party to the suit; the order or assignment being regarded as making a *prima facie* case only for the purpose of enabling him to come in and protect his rights.

In this case, the plaintiff might have countermanded the order before the note was delivered, and the effect could have been prevented only by the defendant's proof, that he had received the order for a valuable consideration, and thereby acquired an interest in the debt, for which the note was to be given.

The case finds also, that the *St. Croix Manufacturing Company* being indebted to the plaintiff, its agent had agreed to give a note for the amount due, payable to the plaintiff or to *Spencer Tinkham.* The order of the plaintiff upon the agent to " let *Mr. Atwood* have the note as we agreed for the balance due me," appears to refer to the agreement before made, part of which was, that the note should be made payable to the plaintiff or to *Tinkham.* And the defendant taking the order with such a reference must be

supposed to have been informed of the agreement, and to have known, that the note was to be so drawn. And it would be a wrongful act in him to direct it to be drawn in his own name. But the plaintiff might waive this wrong and claim to have it delivered to him.

*Exceptions sustained and a new trial granted.*